UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **BRET BYNUM** | **CIVIL ACTION NO: 4:21-cv-03346** |
| **VERSUS** | **DISTRICT JUDGE** <br> **HON. DAVID HITTNER** |
| **INGRAM BARGE CO. and** <br> **MARQUETTE TRANSPORTATION** | **MAGISTRATE JUDGE** <br> **HON. PETER BRAY** |

**BRET BYNUM**
**OPPOSITION TO MOTION TO DISMISS**

Defendants Marquette and Ingram have moved to dismiss Captain Bynum's suit, arguing that under 46 U.S.C. § 80107, he did not file a civil action for salvage within the relevant two-year statute of limitation. Captain Bynum opposes the motion to dismiss because he did not file a civil action for salvage. He filed an admiralty action for salvage, which is subject to laches and inappropriate for a motion to dismiss.

The question of whether a pure salvage claim is subject to laches or to the two-year statute of limitations was recognized as open as recently as 2010. *Dorothy v. City of New York*, 749 F.Supp.2d 50, n. 17 (E.D.N.Y. 2010). Captain Bynum respectfully submits the issue is clear: 46 U.S.C. § 80107 applies to "a civil action to recover remuneration for giving aid or salvage services." Within the United States Code, a civil action is different from an admiralty action. See *Poincon v. Offshore Marine Contractors, Inc.*, 9 F.4th 289, 294 ("We hold that this is a civil, rather than admiralty, case [. . .]" Captain Bynum has brought an admiralty action, not a civil action. See Complaint at Paragraph 4 ("Jurisdiction

is appropriate under 28 U.S.C § 1333 as the subject matter of this suit is a claim for salvage of barges, which is a claim that sounds in admiralty.")

The prior iteration of 46 U.S.C. § 80107 applied to a "suit," not a "civil action," and the cases cited by defendants – *The Katherine E. Orr*, 49 F.2d 652 (S.D.N.Y. 1931), and *People of the Living God v. Star Towing Co.*, 289 F. Supp. 635, 638 (E.D. La. 1968) both predate the change in statutory language. Those cases held that under the then-existing statutory language, a "suit" for salvage must be brought within two years. The Fifth Circuit held the same in *Platoro Ltd, Inc. v. Unidentified Remains of a vessel*, 614 F.2d 1051, 1053 - 54 (5th Cir. 1980) (discussing equitable tolling). So holding, they properly concluded a salvage suit is time-barred if filed more than two years after the salvage services were provided, subject to equitable tolling.

When Congress changed the law so the statute applies not to a "suit" but to a "civil action," the consequence is to follow the plain language of the statute: it applies to a civil action, but not to all salvage suits. The distinction between a civil action and an admiralty action is significant. In *Poincon*, holding that Ms. Poincon's suit (which contained both a civil action – the Jones Act – and an admiralty action – unseaworthiness and maintenance and cure) was in fact a civil action meant that there was no right to interlocutory appeal under 28 U.S.C § 1292(a)(3). This is not the only consequence of the distinction between a civil and an admiralty action, as explained in depth in *Luera v. M/V ALBERTA*, 635 F.3d 181 (5th Cir. 2011). As the *Luera* court explained, "[n]umerous and important consequences flow from a plaintiff's decision to file her claim under the federal court's admiralty jurisdiction." (citing *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry*

*Docks, Inc.*, 702 F.2d 585 (5th Cir. 1983). The distinction between a civil action and an admiralty action is likewise frequently found in federal statutes. 28 U.S.C. 1292 § (a)(3) references "admiralty cases," as distinct, in 1292(b), from "civil actions." Fed. R. Civ. P. 14(c) references "admiralty or maritime claim[s]" as distinct from civil claims.

Here, Captain Bynum could not and did not bring a claim under 46 U.S.C. § 80107. The statute affords a remedy for life salvage, which is famously unremunerated under admiralty. See generally *Peninsular & Oriental Steam Nav. Co. v. Overseas Oil Carriers, Inc.*, 418 F.Supp. 656 (S.D.N.Y. 1976), rev'd, 553 F.2d 830; *The George W. Clyde*, 80 F. 157 (E.D.N.Y. 1897). He did not rescue any lives of stranded sailors. Instead, Captain Bynum brought an admiralty claim. And an admiralty claim is under laches. *Watz v. Zapata Off-Shore Company*, 431 F.2d 100 (5th Cir. 1970). Under laches, this Court has a two-forked inquiry: *first*, what is the relevant state law statute of limitations. Second, just because that statute of limitations has or has not run does not end the inquiry. Instead, the question is burden-shifting. If the state's statute of limitations has not run, then the defendant can still win on laches by showing that the defendant has been prejudiced by the plaintiff's failure to bring a claim timely. If the state's statute of limitations has run, then the plaintiff must show the defendant has not been prejudiced. See generally *Mon River Towing, Inc. v. Industry Terminal and Salvage Co.*, C/A No. 06-1499 (W.D. Pa. Mar. 31, 2009) (explaining the issue in depth and collecting cases.)

Marquette and Ingram have not moved to dismiss Captain Bynum's complaint on laches, so Captain Bynum will not address the issue except to note that the underlying matter, C/A No. 18-327 has been litigated exhaustively, with Ingram's and Marquette's

involvement, so it is hard to imagine they have been prejudiced. It is enough to defeat the defendants' motion to establish that Captain Bynum's suit is not a civil suit, it is an admiralty suit.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss should be denied.

**DATED**: April 25, 2022

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

*Attorneys for Brett Bynum*