# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **BRET BYNUM** | § | |
| | § | **CIVIL ACTION NO: 4:21-cv-03346** |
| **PLAINTIFF** | § | |
| | § | **DISTRICT JUDGE** |
| v. | § | **HON. DAVID HITTNER** |
| | § | |
| **INGRAM BARGE CO. and** | § | **MAGISTRATE JUDGE** |
| **MARQUETTE** | § | **HON. PETER BRAY** |
| **TRANSPORTATION** | | |
| | § | |
| **DEFENDANTS** | § | |

## INGRAM BARGE COMPANY'S & MARQUETTE TRANSPORTATION COMPANY, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULE 12(b)(6)

Defendants Ingram Barge Company ("Ingram") and Marquette Transportation Company, LLC ("Marquette") (collectively hereinafter "Barge Owners"), hereby file this Reply in Support of their Motion to Dismiss Under Rule 12(b)(6) (Doc. 17). Whether through a civil action or action sounding in admiralty, salvage claims are governed by the statutory provisions of 46 U.S.C. § 80107, including the statute's two-year time bar. Plaintiff's attempt to draw a distinction between his suit in admiralty and a civil action is inapposite according to case law, and therefore Plaintiff's Complaint is untimely and should be dismissed with prejudice.

#5399675v2

After waiting over four years to file his lawsuit, Plaintiff clings to the argument that his claim for salvage was brought in admiralty rather than as a civil suit, and as such his claims are governed by the doctrine of laches rather than the applicable federal statute, allowing him to bypass the statutory two-year time bar. However, the case law cited by Plaintiff to support his poorly veiled attempt to circumvent the two-year statute of limitations does not stand for this proposition. Plaintiff relies on dicta in a footnote to support his contention that a salvage claim is subject to laches rather than the two-year statute of limitations. *See Dorothy v. City of New York*, 749 F. Supp. 2d 50, n.17 (E.D.N.Y. 2010). A thorough reading of *Dorothy v. City of New York*, however, reveals that the case does not actually address the issue of whether laches applies instead of the two-year statutory time bar for salvage. In fact, Plaintiff's cited excerpt specifically declines to address the issue ("The foregoing makes it unnecessary to consider whether [the parties] are also barred from receiving their respective shares by 46 U.S.C. § 80107(c).").

Instead, relevant case law holds that the statutory two-year time bar applies to claims for salvage in admiralty actions, even after the change in statutory language referenced by Plaintiff.[1] *See Stambaugh v. Maritrans, Inc.*, No. 706-CV-149-FL, 2007 WL 2002607, at *7 (E.D.N.C. July 5, 2007) ("The court notes that in salvage

---

[1] The change in statutory language from the prior iteration of 46 U.S.C. § 80107 to the current version referenced by Plaintiff took place in 2006.

actions *arising under admiralty law,* plaintiffs have two years in which to bring an action) (emphasis added).

Furthermore, courts have specifically addressed the issue of whether § 80107's statutory time bar or laches applies to salvage claims:

> In assessing the timeliness of a maritime claim, the doctrine of laches typically applies rather than any fixed statute of limitations. However, *there are many examples of exceptions to this general rule*, such as statutory provisions that impose time-bars on . . . *maritime salvage actions*, see 46 U.S.C. § 80107(c).

*Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Dann Ocean Towing, Inc.*, 756 F.3d 314, 318 (4th Cir. 2014) (emphasis added); *see also Crescent Towing Salvage Co., Inc. v. M/V Chios Beauty*, CV 05-4207, 2008 WL 11353738, at *1 (E.D. La. July 7, 2008) (granting summary judgment on motion to dismiss salvage claims as time barred under § 80107).

It is clear that maritime salvage actions, such as the one brought by Plaintiff, are governed by the applicable statutory provisions of 46 U.S.C. § 80107 rather than the doctrine of laches. As such, Plaintiff's claims for salvage are clearly time-barred and should be dismissed with prejudice pursuant to Rule 12(b)(6).

                    Respectfully submitted,

                    LISKOW & LEWIS

*/s/ Michael A. Golemi*
Michael A. Golemi
Attorney in Charge
State Bar No. 24047536
Fed. ID No. 559843
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: magolemi@liskow.com

**ATTORNEY FOR INGRAM BARGE COMPANY**

**OF COUNSEL:**

LISKOW & LEWIS
Jody M. Schisel-Meslin
State Bar No. 24110336
Fed. ID No. 3356221
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
Kendall M. Dicke
State Bar No. 24126005
Fed. ID No. 3738787
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
Email: jmschisel-meslin@liskow.com
Email: jspatzwall@liskow.com
Email: kmdicke@liskow.com

    **- and -**

4

MILLER HAHN, PLLC

*/s/  Allan C. Crane (by permission JSM)*
Bobby R. Miller, Jr., Esq.
Attorney-in-Charge
Texas State Bar No. 24076137
Southern District Bar No. 2218013
2660 West Park Drive, Suite 2
Paducah, KY 42001
Telephone: (270) 554-0051
Facsimile:  (866) 578-2230
Email: bmiller@millerlaw-firm.com

-and-

Allan C. Crane, Esq.
Texas State Bar No. 24102770
Southern District Bar No. 2838727
365 Canal St., Ste. 860
New Orleans, LA 70130
Telephone: (504) 684-5044
Facsimile:  (866) 578-2230
Email: acrane@millerlaw-firm.com

**ATTORNEYS FOR MARQUETTE TRANSPORTATION COMPANY, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail and/or by the CM/ECF system this 2nd day of May, 2022.

                                          */s/ Michael A. Golemi*
                                          Michael A. Golemi