United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRET BYNUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-21-3346 |
| | § | |
| INGRAM BARGE COMPANY *and* | § | |
| MARQUETTE TRANSPORTATION | § | |
| COMPANY, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Ingram Barge Company's & Marquette Transportation Company, LLC's Motion to Dismiss Under Rule 12(b)(6) (Document No. 17). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

### I. BACKGROUND

This is a salvage action arising in admiralty. On August 27, 2017, Plaintiff Captain Bret Bynum ("Bynum") allegedly took action to salvage two vessels (the "Vessels") in the Houston Ship Channel which had broken off from a fleet stationed in Greens Bayou. The Vessels were operated by Defendants Ingram Barge Company and Marquette Transportation Company, LLC ("Defendants"). Bynum contends he

likely saved the Vessels from significant damage but also stopped the Vessels from colliding with a laden oil tanker, which could have caused an oil spill.

On October 12, 2021, Bynum brought this action asserting a salvage claim for a portion of the value of the Vessels and their cargo at the time of breakaway. On April 4, 2022, Defendants moved to dismiss based on the statute of limitations.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants contend Bynum's claim is barred by the statute of limitations. Bynum contends the statute of limitations does not apply to his claim because it is in admiralty, not a civil action.

"In contrast to the common law, which does not grant a volunteer who preserves or saves the property of another any right to a reward, a salvor of imperiled property on navigable waters gains a right of compensation from the owner." 2 Thomas J. Schoenbaum, Admiralty & Maritime Law § 16:1 (6th ed. 2018). "An award of salvage is generally appropriate when property is successfully and voluntarily rescued from marine peril." *Sunglory Mar., Ltd. v. PHI, Inc.*, 212 F. Supp. 3d 618, 637 (E.D. La. 2016) (Brown, J.) (citing *The Sabine*, 101 U.S. 384 (1880)). To succeed in a salvage claim, a plaintiff must prove three elements: (1) the property faced marine peril; (2) voluntary service was rendered when not required as an existing duty or from a special contract; and (3) the salvage attempt succeeded in whole or in part, or contributed to the success of the operation. *United States v. EX-USS CABOT/DEDALO*, 297 F.3d 378, 381 (5th Cir. 2002). "A civil action to

recover remuneration for giving aid or salvage services must be brought within 2 years after the date the aid or salvage services were given . . . ." 46 U.S.C. § 80107(c).

The salvage services were allegedly rendered on August 27, 2017, more than four years after Bynum filed suit. Bynum contends this limitation does not apply to the instant action because this is an action in admiralty, not a civil action and thus the state statute of limitations should apply. However, Bynum produces no case law to suggest the term "civil action" is meant to distinguish from a salvage case brought in admiralty. Based on the law presented by both sides, the Court finds the statute of limitations explicated in 46 U.S.C. § 80107(c) applies, and thus Bynum's action is time barred. Accordingly, the motion to dismiss is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Ingram Barge Company's & Marquette Transportation Company, LLC's Motion to Dismiss Under Rule 12(b)(6) (Document No. 17) is **GRANTED**. Plaintiff Bret Bynum's claims are thus dismissed.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this **21** day of June, 2022.

DAVID HITTNER
United States District Judge